IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JAMES SAMUEL OWENS,

        Plaintiff,        Civil No. 10-551-TC

        v.        FINDINGS AND RECOMMENDATION

LAWYER JIM A. GLOVER

        Defendants.

COFFIN, Magistrate Judge.

Plaintiff's Application to proceed in forma pauperis (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed without service of process on defendant on the ground that it fails to state a claim upon which relief can be granted.

A complaint filed in forma pauperis may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989); <u>Jackson v. State of Ariz.</u>, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable

1 - FINDINGS AND RECOMMENDATION

basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 193) (quoting Hishon v. King Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, the court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In Civil rights cases involving a plaintiff proceeding pro se, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also, Lopez, 939 F.2d at 883.

Before dismissing a pro se civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987) A pro se litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the

complaint cannot be cured by amendment. <u>Karim-Panahi</u>, 839 F.2d at 623; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1447 (9th Cir. 1987).

Plaintiff's complaint is a rambling narrative about the circumstances of his indictment on a "23 year old murder of a white lady that (he) had nothing to do with." Complaint (#2) Defendant is apparently plaintiff's defense counsel. Plaintiff alleges that defendant has violated his rights in various ways arising out of defendant's alleged "unprofessional conduct." <u>Id</u>. p. 7.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under the color of state law. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (holding that public defender acting as an attorney in a case is not a state actor); <u>Briley v. California</u>, 564 F.2d 849, 853 (9th Cir. 1977) (holding that private attorney is not a state actor) ; <u>see also</u>, <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-29 (1980). Although an attorney is often referred to as an "officer of the court," an attorney does not act under color of state law when representing a client in court. <u>Koenig v. Snead</u>, 757 F. Supp 41 (d. Or 1991), *aff'd* without opinion, 977 F.2d 589 (9th Cir. 1992) (finding that court-appointed attorney was not a state actor).

In this case all of plaintiff's allegation about defendant Glover relate to his actions with respect to representing plaintiff on criminal charges. Such action are

3 - FINDINGS AND RECOMMENDATION

not "under color of state law" for purposes of § 1983 liability. Therefore this court is without jurisdiction.

Plaintiff's Complaint (#2) should be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 21 day of May, 2010.

Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION